**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4444**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRUCE JONES,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, District Judge. (1:06-cr-00314-MBS-1)

Submitted: June 30, 2010        Decided: July 20, 2010

Before WILKINSON, MOTZ, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

T. Kirk Truslow, TRUSLOW LAW FIRM. L.L.C., North Myrtle Beach, South Carolina, for Appellant. W. Walter Wilkins, United States Attorney, Robert F. Daley, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce Jones pled guilty to conspiracy to possess with intent to distribute and distribute more than 500 grams of cocaine, 18 U.S.C. § 946 (2006), and was sentenced to a term of 235 months imprisonment. Jones contends on appeal that the district court erred in finding that he did not qualify for a two-level safety valve reduction under U.S. Sentencing Guidelines Manual § 2D1.1(b)(11) (2006), because it failed to make an explicit finding that he had not met the fifth criteria set out in USSG § 5C1.2(a)(1)-(5). We affirm.

A defendant may have his base offense level reduced by two levels under § 2D1.1(b)(11) if he meets all five criteria set out in § 5C1.2(a). The fifth requirement is that, by the time he is sentenced, he has "truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses[.]" A defendant seeking the benefit of an offense level reduction based on his compliance with § 5C1.2 and § 2D1.1(b)(11) has the burden of proving that he has satisfied the criteria set out in § 5C1.2. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997). The district court's determination that a defendant has fulfilled the requirements of § 5C1.2(a)(5) is a factual question that is reviewed for clear error. Id.; United States v. Guerra-Cabrera, 477 F.3d 1021, 1024-25 (8th Cir. 2007).

2

Jones promised in his plea agreement that he would provide to the government "full, complete and truthful information about all criminal activities about which he has knowledge." When he was interviewed, Jones did provide information, but he denied having any drug transactions with Angus Jimmerson. At the sentencing hearing, Jimmerson testified about his dealings with Jones over a period of seventeen years. Jones proffered that no such transactions took place. The district court accepted Jimmerson's account and, based on his testimony, attributed forty kilograms of cocaine to Jones. The court found that Jones had not met the requirements for a safety valve reduction, but did not state that he had failed to provide complete and truthful information to the government.

We conclude that the court's acceptance of Jimmerson's testimony as credible, and its consequent attribution of forty kilograms of cocaine to Jones despite Jones' proffer that he never dealt with Jimmerson, was an implicit finding that Jones had not truthfully provided to the government all the information he had about the offense. Therefore, the district court did not clearly err in finding that Jones had not met the criteria for the safety valve reduction.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

AFFIRMED
